# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided February 26, 2010

No. 08-1268

RESOLUTE NATURAL RESOURCES COMPANY AND RESOLUTE
ANETH, LLC,
PETITIONERS

v.

FEDERAL ENERGY REGULATORY COMMISSION AND UNITED
STATES OF AMERICA,
RESPONDENTS

NAVAJO NATION, ET AL.,
INTERVENORS

———

On Petition for Review of Orders
of the Federal Energy Regulatory Commission

———

*Sheila Slocum Hollis* and *Blaine Yamagata* were on the briefs for petitioners Resolute Natural Resources Company and Resolute Aneth, LLC.

*Howard Eliot Shapiro* was on the brief for intervenors the Navajo Nation and Navajo Nation Oil and Gas Company in support of petitioners. *Pamela J. Anderson* entered an appearance.

*John J. Powers III* and *Robert J. Wiggers*, Attorneys, U.S. Department of Justice, *Thomas R. Sheets*, General Counsel, Federal Energy Regulatory Commission, *Robert H. Solomon*, Solicitor, and *Beth G. Pacella*, Senior Attorney, were on the brief for respondents.

*Lowery Barfield*, *Steven H. Brose*, and *Daniel J. Poynor* were on the brief for intervenor Western Refining Pipeline Company in support of respondent.

Before: GINSBURG and KAVANAUGH, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: Resolute Natural Resources Co. and Resolute Aneth, LLC (collectively "Resolute") petition for review of certain orders of the Federal Energy Regulatory Commission declining to investigate allegedly anticompetitive conduct by Western Refining Pipeline Co. involving oil pipelines in New Mexico; intervenors the Navajo Nation and the Navajo Nation Oil and Gas Co. (collectively "the Navajo") bring substantially the same petition. We dismiss the petition for review because the Commission's decision not to open an investigation is not reviewable by a court.*

## I. Background

Western filed two tariffs with the FERC in order to establish service and set rates for the transportation of crude

---

* This case was considered upon the record from the Federal Energy Regulatory Commission and upon the briefs submitted by parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j).

oil to northwestern New Mexico from west Texas and southeastern New Mexico. *See* FERC Docket Nos. IS08-131-000 and IS08-131-001. Resolute and the Navajo moved to intervene and to protest the tariffs, alleging "Western is attempting to use the tariff it filed on February 8, 2008 to secure Commission validation of Western's exercise of market power by illegally preferring its affiliates and discriminating against third parties such as Resolute who [sic] seek access to competitive markets for their crude oil." Resolute, Protest and Motion to Intervene, FERC Docket Nos. IS08-131-000 and IS08-131-001 (Feb. 25, 2008). In the orders now under review, the Commission denied the motions and subsequent petitions for rehearing. *See* 122 FERC ¶ 61,210 at ¶¶ 13, 14 (Mar. 7, 2008) ("Resolute and the Navajo Protestors lack standing because they are not shippers on Western, they do not intend to ship on Western, and they have not made a valid transportation request to Western for shipments." Their allegations of anticompetitive conduct "are speculative[,] ... unsupported ... [and] beyond the Commission's jurisdiction."), *and reh'g denied*, 123 FERC ¶ 61,271 (June 19, 2008).

## II. Analysis

The Commission's authority to investigate a new rate derives from § 15(7) of the Interstate Commerce Act. *See* ICA § 15(7); *Frontier Pipeline Co. v. FERC*, 452 F.3d 774, 776 (D.C. Cir. 2006). In 1978, one year after the Congress had transferred authority over oil pipelines from the Interstate Commerce Commission to the FERC, *see* Department of Energy Reorganization Act, Pub. L. No. 95-91, § 402(b), 91 Stat. 565, 584, it repealed much of the ICA but provided that transportation of oil by pipeline would be subject to "[t]he laws ... as they existed on October 1, 1977." Act of Oct. 17, 1978, Pub. L. No. 95-473, § 4(c), 92 Stat. 1337, 1470; *see* 49

U.S.C. § 60502 ("The Federal Energy Regulatory Commission has the duties and powers related to the establishment of a rate or charge for the transportation of oil by pipeline or the valuation of that pipeline that were vested on October 1, 1977, in the Interstate Commerce Commission or an officer or component of the Interstate Commerce Commission"); *see also Frontier Pipeline*, 452 F.3d at 776; *Exxon Pipeline Co. v. United States*, 725 F.2d 1467, 1468 n.1 (D.C. Cir. 1984). Accordingly, we apply the version of § 15(7) in force in 1977, which was reprinted most recently in the appendix to title 49 of the 1988 version of the U.S. Code.

We have held repeatedly — and in no uncertain terms — that in a case of this sort ICA § 15(7) "precludes judicial review. The Commission's decision not to investigate is therefore not reviewable." *ExxonMobil Oil Corp. v. FERC*, 219 Fed. Appx. 3 (D.C. Cir. 2007) (internal quotation marks and citations deleted); *accord Mo. Pub. Serv. Comm'n v. FERC*, No. 07-1304, 2007 U.S. App. LEXIS 26581 (D.C. Cir. Nov. 13, 2007); *Arctic Slope Reg'l Corp. v. FERC*, 832 F.2d 158, 164–65 (D.C. Cir. 1987); *see also So. Ry. Co. v. Seaboard Allied Milling Corp.*, 442 U.S. 444, 454 (1979) (decision not to investigate protested rate filing under § 15(8), a derivative of § 15(7), "not judicially reviewable").

Against this body of precedent, we instructed the parties to address reviewability in their briefs. Nonetheless, neither the petitioners nor the intervenors in support of the petitioners did so in their opening briefs. In their reply brief the petitioners, with good reason, do not dispute the Commission's showing that its decision not to investigate a new rate is, as a rule, unreviewable. Instead they claim to come within two possible exceptions to the rule, but it is the work of a moment to see that neither applies here.

In *Exxon Pipeline* we said a decision of the Commission whether to suspend a rate pending an investigation is unreviewable "[1] at least as long as the agency complies with its statutory obligation to give a reason and [2] in no other way oversteps the bounds of its authority." 725 F.2d at 1470 (internal footnote deleted). The first possible exception is inapplicable here because under § 15(7) the Commission has no "obligation to give a reason" except when it suspends a rate, which it did not do in this case. *See* ICA § 15(7). The second is inapplicable because the Commission did not "overstep the bounds of its authority" when it refused to initiate an investigation into Western's proposed rates; as we have seen, the decision whether to initiate an investigation is within the discretion of the Commission.

## III. Conclusion

For the foregoing reason, the petition for review is

*Dismissed.*